(Compiler of law /law library

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,                    )        CRIMINAL CASE NO. CM0554-11
                                       )
    vs.                                )
                                       )
                                       )
JESSE TAI SMITH,                       )        DECISION AND ORDER
                                       )
                    Defendant.         )
                                       )
                                       )
_____)

This matter came before the HONORABLE VERNON P. PEREZ on October 22, 2012. Attorney Joshua Walsh appeared representing Defendant, who was present. Attorney Francis DeCecco appeared on behalf of the Government. Having reviewed the pleadings, record and the arguments presented, the Court now issues the following Decision and Order.

### BACKGROUND

Defendant requests that his Motion to Exclude be decided jointly with *People v. Reeves*, CM0542-11. The Court stayed the proceedings of this case pending its decision in *Reeves* because the motions were substantially similar. Now, after the *Reeves* decision was issued, the Court finds similarly in this case. The Court has incorporated much of the Decision and Order from CM0542-11 in this decision.

### DISCUSSION

Defendant argues that the his blood alcohol content (hereinafter "BAC") from the breathalyzer test cannot be used at trial without a showing that the device was maintained, regulated and that the Government followed its own regulations on proper operation of the breathalyzer. The Defendant desires that this Court make a ruling that the Police must create and run a program to assure the quality of the breathalyzer.[1]

---

[1] Defendant also argues that this Court should apply the decision in this case to five other similar cases where a breath test was used. To the extent that other similar motions in other cases before this Court may be resolved, the Court believes that the rationale here should apply in those similar cases.

*People v. Smith,*
Decision and Order
Civil Case No. CM0554-11                    - Page 1 of 4 -

The Government contends that Defendant's arguments fail because Guam law trumps the manual accompanying the breathalyzer. The Government claims that it has satisfied Title 16 of the Guam Code Annotated, Section 18103(a) in its operation and handling of the breathalyzer and no evidence should be suppressed. (2010). Finally, the Government contends that the manual only attempted to remove personal liability in installing a quality assurance program (hereinafter "QAP") by stating that the "owner or governing agency is responsible for specifying and administering their own quality assurance program." Intoximeter EC/IR Manual at 28. The Government appears to focus on the issue of whether it properly administered the test while arguing there is no need to maintain the equipment using a formal QAP. The Court has concerns over whether the Government needs a QAP to maintain the breathalyzer and whether the Government properly administered the test.

Defendant's arguments are not strong as there is a statute that details the care the Government must take in administering the breathalyzer. *See* 16 GCA Section 18103(a). Of course, the case is not dismissed in the event the Government's evidence is suppressed. DWI may still be found without evidence as to the actual BAC. The Defendant has argued that a QAP is necessary without presenting any facts that indicate misuse of the instrument. Regardless, the motion is a fairly important one as the Guam Police Department does not currently have a detailed and formalized QAP.

The Ninth Circuit has stated "breathalyzers were certified as accurate by the National Highway Traffic Safety Administration of the Department of Transportation." *United States v. Brannon,* 146 F.3d 1194, 1196 (9th Cir.1998); *38 Fed.Reg. 30459* (1973). Their methodology is well-known and unchallenged. *See California v. Trombetta,* 467 U.S. 479, 481 & 489 (1984); *United States v. Brannon,* 146 F.3d 1194, 1196 (9th Cir.1998) (holding that the district court did not abuse its discretion in admitting the result of an uncompleted breathalyzer test). The Intoximeter is designed such that few environmental conditions will affect the results of a test. *U.S. v. Debenedictis,* 2010 WL 934010 (D. Guam) at 4. As such, the Court may find similarly in this case. The Intoximeter is designed to be resistant to environment conditions and is generally accurate. Furthermore, a presumption exists in Guam law at 16 GCA § 18103(b) that

puts forth the requirements of a breath test before a driver may be presumed to have violated the law. The Court finds that if these requirements were met, which they are, the presumption only applies because the Guam legislature believed that the Intoximeter produced trustworthy results. Defendant must present some sort of evidence that the result was in error and he has not. An indication that the Intoximeter malfunctioned would have been more persuasive to the Court.

In addition, the Court finds that the manual only explains that the manufacturer is not the responsible party to maintain a QAP. The Court agrees with the Government on this issue as it would be responsible for making its own QAP if it desired to, yet, there is no statutory requirement that requires the Government to create a QAP. The only requirement in the relevant statute is that the device be operated in the "proper manner".[2] Nothing in the facts of this case indicate that the Government maintained or used the device improperly. All present facts indicate that the BAC test result reflected the driving ability of Defendant at the time of his arrest. Defendant's driving and appearance indicated that he was driving while under the influence. The result of the Intoximeter merely acted as a confirmation of police suspicion. According to the case law cited above and under the circumstances in the present case, a fact finder may assume that the device was working properly. Thus, Defendant's motion should be denied.[3]

Defense also argues that the remedy for the missing QAP is total suppression of the BAC result. The Court disagrees and finds that the Defendant's argument goes to the weight of the evidence and not its admissibility. *U.S. v. Debenedictis*, 2010 WL 934010 at 4. The Defendant is free to cross examine the relevant officers on these matters at trial. Therefore, even if a QAP was required, the proper remedy would be to utilize the Government's failure to have a QAP to create doubt as to the weight of the BAC result and not to have the BAC result suppressed.

---

[2] The Court finds that 16 GCA §18103 provides adequate quality assurance as long as the facts show the statute was complied with. Such facts indicate that the entirety of § 18103 was satisfied in this case.
[3] The Court would like to take the opportunity presenting itself in this case to strongly urge the Guam Police Department to formalize, in detail, their system for ensuring proper maintenance and use of the Intoximeter. While the Court finds that an additional QAP is not required under the law, a more detailed and documented program would avert future issues like the one raised by Defendant in this case.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Exclude. The Parties will return on January 14, 2013 for a Criminal Trial Setting.

So **ORDERED** this ⟨14th⟩ day of December, 2012.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagatna, Guam

DEC 14 2012

Evelyn C. Borja
Deputy Clerk, Superior Court of Guam

/ /

/ /

/ /

/ /

*People v. Smith,*
Decision and Order
Civil Case No. CM0554-11          - Page 4 of 4 -